**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4704**

———————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

    versus

WILLIAM ROGER SCIPPIO, JR.,

                                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:05-cr-00416-WLO)

———————

Submitted: June 15, 2007                    Decided: June 19, 2007

———————

Before WIDENER, MICHAEL, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

M. Bays Schoaf, Salisbury, North Carolina, for Appellant. Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Roger Scippio, Jr., pled guilty to possessing fifty grams or more of cocaine hydrochloride with intent to manufacture cocaine base "crack" in violation of 21 U.S.C.A. §§ 841(a)(1) and (b)(1)(A) (West 2000 & Supp. 2007). He was sentenced to 240 months of imprisonment.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether the district court erred by enhancing Scippio's criminal history by adding two criminal history points under U.S. Sentencing Guidelines Manual § 4A1.1(e) (2005) because the instant offense was committed within two years after his release from incarceration. For the reasons that follow, we affirm.

We find no error in the district court's decision to increase Scippio's criminal history under USSG § 4A1.1(e). United States v. McManus, 23 F.3d 878, 882 (4th Cir. 1994) (stating review standard for calculation of criminal history). The record is uncontroverted that Scippio was released from prison on September 28, 2003, and committed the instant offense on September 8, 2005.

We have examined the entire record in this case, including the issue raised in Scippio's pro se supplemental brief, in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm the

conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED